[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
These are actions by the plaintiff, Federal Deposit Insurance Corporation as Receiver for Whitney Bank Trust, (FDIC) against four defendants, Ralph Carabetta, Salvatore P. Carabetta, Salvatore R. Carabetta, and Evelyn M. Carabetta (Carabettas), on notes signed by each defendant in favor of Whitney Bank Trust. The FDIC is the successor in interest to Whitney Bank Trust. Summary judgment was entered against the Carabettas on December 18, 1996. The defendants in this case have required the FDIC to prove the debt(s) and the existing balances in a hearing in damages before this court. The four actions were heard as one and all evidence admitted at trial was stipulated to be applicable to each case.
The gist of the defendants' defense was a claim that various testimony and exhibits were inadmissible hearsay and further lacked sufficient weight and credibility to sustain the plaintiffs' burden of proof by a fair preponderance of the evidence.
This court heard all of the evidence over a period of several days. The court admitted several key pieces of evidence of the debt over the defendants' objections and also CT Page 12701 heard testimony from several witnesses. The testimony of many of these witnesses was also objected to and the court made rulings on the admissibility of this testimony.
It would serve no purpose to articulate again those rulings in this memorandum.
The evidence has established that the notes in question were signed by the defendants and the money paid in consideration thereof by the bank.
The FDIC took over the bank's operations thereafter. The defendants, although offering no evidence whatsoever on their own behalf, have disputed the evidence offered by the FDIC as to the reliability of the records left on computers first by the bank and then by the FDIC. The court finds such records to be reliable.
The defendants also disputed the credibility of the plaintiff's witnesses. Here again, the defendants offered no witnesses or evidence to support their claim and the court finds the plaintiff's witnesses and evidence to be reliable.
Suffice it to say that together with the exhibits admitted into evidence and evaluating the testimony admitted, this court is satisfied that the plaintiff has offered sufficient credible evidence to sustain its burden of proof of the debt and outstanding balances due from each defendant to the plaintiff by a fair preponderance of the evidence.
Accordingly, the court finds the following sums due from each defendant to the plaintiff, FDIC.
Salvatore R. Carabetta
Principal $100,000.00 Interest through November 26, 1997 $ 66,327.25 ----------- $166,327.25
Salvatore P. Carabetta
Principal $100,000.00 Interest through November 26, 1997 $ 61,592.00 ----------- CT Page 12702 $161,592.00
Evelyn M. Carabetta
Principal $ 50,000.00 Interest through November 26, 1997 $ 33,167.68 ----------- $ 83,167.68
Ralph Carabetta
Principal $ 62,558.94 Interest through November 26, 1997 $ 11,914.01 ----------- $ 74,472.95
In addition, $6,000 is awarded as counsel fees in each case pursuant to the terms of each note.
Judgment may enter accordingly.
FREED, J.